**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION**

| | |
|---|---|
| **NOEL ORLANDO GAMEZ** | ) |
| | ) |
| **v.** | )    3-05-CV-2052-R |
| | ) |
| **NATHANIEL QUARTERMAN[1], Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Beto Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas, serving felony convictions imposed by a Texas state court.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: On January 5, 2001, Gamez entered a plea of guilty to the offense of retaliation as charged in the indictment returned in Cause No. F-00-57322-FR. The court assessed

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption is being changed pursuant to Federal Rule of Civil Procedure 25(d).

punishment at a term of ten years imprisonment but probated the same for a period five years. On June 4, 2001, the State filed a motion to revoke Gamez's probation. Prior to the disposition of the State's motion to revoke Gamez was indicted for the offense of aggravated robbery as in an indictment returned in Cause No. F-02-56513-FR. On February 28, 2003, Petitioner entered a plea of "true" to the allegations in the motion to revoke probation and on the same date entered an open plea of guilty to the aggravated robbery indictment. Thereafter on March 6, 2003, he again appeared in the state court at which time his probated sentence was revoked and he was sentenced to a term of six years imprisonment on the retaliation charge and to a term of thirty years imprisonment on the aggravated robbery charge.

Gamez effected a direct appeal from each conviction and the Texas Court of Appeals for the Fifth District at Dallas affirmed both convictions in an opinion issued on March 10, 2004. He did not file a petition for discretionary review in either case, but on May 26, 2004, he filed two applications for habeas corpus relief in the state trial court pursuant to art. 11.07, Texas Code of Criminal Procedure. His application filed in No. 59,985-01 attacking his aggravated robbery conviction, was denied by the Texas Court of Criminal Appeals without written order on findings of the trial court without a hearing on September 29, 2004. His second application, No. 59,985-02 challenging his retaliation conviction, was denied by the Court of Criminal Appeals on July 27, 2005.

Pursuant to this court's show cause order Respondent filed his answer together with copies of the prior state court proceedings. On March 7, 2006, Gamez filed his reply, i.e. "Objections to State's Reply to Court's Show Cause Order."

**Findings and Conclusions**: In four separate grounds for relief Gamez alleges that his federal

constitutional rights were violated in the course of proceedings in Cause Nos. F-00-573222-FR and F-02-56513-FR.[2]

Respondent seeks dismissal of the petition insofar as it relates to Petitioner's aggravated robbery conviction, F-02-56513-FR, on limitations. Review of the petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). In pertinent part the AEDPA imposes a one-year period from the date that a conviction becomes final in which a state prisoner must file a § 2254 petition with limited exceptions. See 28 U.S.C. § 2244(d)(1)(A) - (D). During the time a properly filed state collateral attack is pending, running of the limitation period is tolled. § 2244(d)(2).

Gamez's convictions became final on April 9, 2004, the last date on which he could have filed petitions for discretionary review with the Texas Court of Criminal Appeals following the Fifth Court of Appeals affirmances of his convictions. At the time he filed his art. 11.07 applications in the convicting court on May 26, 2004, which invoked the tolling provision, 47 days of the one-year period had elapsed. When the Court of Criminal Appeals denied his application attacking his aggravated robbery conviction on September 29, 2004, See Application No. 59.985-01, the one-year limitation period recommenced to run. Gamez's petition in the present action was "filed" on October 7, 2005, the date on which he placed it in the prison mailing system. On that date an additional 372 days had elapsed from the date his conviction became final, for a total of 419 days.

None of the exceptions in § 2244(d)(1)(B) - (D) applies. Although in an appropriate case, the limitation period may be equitably tolled, Petitioner's reply to Respondent's answer, filed on

---

[2]Since both convictions and judgments were imposed in a single proceeding in the same state court, Rule 2(c) of the Rules Governing Section 2254 Cases allows Gamez to collaterally attack both convictions in a single petition.

March 7, 2006, fails to allege or suggest any basis for applying equitable tolling. Therefore, that portion of his petition which relates to his conviction in F-02-56513-FR, specifically grounds one and four[3], should be dismissed as being barred by limitations.

In his second ground for relief Gamez contends that he was denied counsel on appeal from his conviction in F-00-57322-FR. The record conclusively refutes this claim. See Appeal No. 05-03-00446-CR [F-00-57322-FR] Record, Volume One at 28.

In his third ground Petitioner alleges that he was denied effective assistance of counsel on appeal. As supporting facts he refers to the fact that he came from a home in which Spanish was the primary language. It is unclear whether he contends that his limited English proficiency rendered him unable to timely file a pro se appellate brief after court-appointed counsel filed an Anders[4] brief or whether he claims that it was error for the trial judge not to have provided an interpreter during court proceedings. If the latter, it is clear that such a claim has never been presented to the Texas state courts.

An indigent defendant is entitled to effective assistance of counsel on appeal where a direct appeal exists as a matter of right. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985). In determining whether a habeas petitioner is entitled to relief the court applies the two- part test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). See Smith v. Robbins, 528

---

[3]The magistrate judge assumes that his fourth ground relates to the indictment in F-02-56513-FR. However, a review of Petitioner's art. 11.07 applications reflects that neither alleges that either indictment was fundamentally defective or that an ineffective assistance of counsel claim was predicated on his attorneys' failure to attack the sufficiency of either indictment. The magistrate judge agrees with Respondent, see answer at page 8, that this ground is unexhausted.

[4]See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1966); see also Appellant's Brief and Counsel's Motion to Withdraw as Appellant's Attorney filed on September 17, 2003.

4

U.S. 259, 285-6, 120 S.Ct. 746 (2000).[5]

In neither of his state applications did Petitioner allege that his appellate counsel was ineffective. Therefore, this ground is unexhausted. In his § 2254 petition he merely claims that appellate counsel was ineffective. He does not set out any facts to establish either cause or prejudice. Such a conclusory claim fails to state a cognizable basis for relief. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Therefore, relief on this ground should be denied. See 28 U.S.C. § 2254(b)(2).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court dismiss Petitioner's claims collaterally attacking his conviction in No. F-02-56513-FR on limitations and that relief on his claims collaterally attacking his conviction in F-00-57322-FR be denied.

A copy of this recommendation shall be transmitted to

SIGNED this 14th day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you

---

[5]Although Gamez may be claiming that he did not have sufficient proficiency in English to file a pro se brief, this fact - standing alone - is irrelevant to the issue of appellate counsel's representation and does not allege a cognizable claim for federal habeas corpus relief. Moreover, in appellate counsel's brief, she stated that copies of the state court record along with her Anders brief were provided to Petitioner. See Appellant's Brief, supra, at 1; see also Fifth Court of Appeals' order filed on October 2, 2003, allowing Gamez to file a pro se brief on or before November 1, 2003.

5

must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.